UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL A. PAYNE, | ) | CASE NO. 5:12 CV 1354 |
| Petitioner, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| ED SHELDON, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) ) | |

On May 30, 2012, petitioner *pro se* Michael A. Payne filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Payne is incarcerated in an Ohio penal institution, having been convicted, pursuant to a jury verdict, of felonious assault, felony and misdemeanor domestic violence, and violation of a protection order. As grounds for the petition, he asserts that his convictions were based on an invalid indictment because it was not properly endorsed as a "true bill" by signature of the grand jury foreman. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b).

While it appears petitioner exhausted his state court remedies, it is well established that allegations of technical defects in the indictment fail to state a claim for federal habeas corpus relief. *Knewel v. Egan*, 268 U.S. 442, 446 (1925); *Kimbro v. Bomar*, 333 F.2d 755, 757 (6th Cir. 1964).

Moreover, under Ohio law, the failure of a foreperson to sign the indictment is a technical defect and constitutes harmless error. *Verdi v. State of Ohio*, No. 94-3075, 1994 WL 475009 (10th Cir. 1994)(citing *Hobby v. United States*, 468 U.S. 339, 344-45 (1984)).

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent 10/16/12*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE